Date signed August 30, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DWAYNE BRISCOE | : | Case No. 11-17252PM |
| DEBORAH BRISCOE | : | Chapter 7 |
| | : | |
| Debtor | : | |

**MEMORANDUM OF DECISION**

On August 24, 2011, the court held a hearing on the Motion filed by W. Clarkson McDow, Jr., the United States Trustee for Region 4, to examine the Briscoe's transactions with their attorneys, Sheron Barton and The Cardinal Law Firm, PLLC, and for the attorneys to disgorge fees if appropriate.

This bankruptcy case was filed under Chapter 13 on April 7, 2011, and converted to a case under Chapter 7 on May 18, 2011, on Debtors' motion filed May 11, 2011. Following the filing of a Financial Management Course Certificate, Debtors' discharge was entered on August 24, 2011.

The court received the testimony of the Debtor Dwayne Briscoe, as well as the testimony of the Respondent Sheron Barton. Most impressive was the testimony of Ms. Barton and her candor in describing her present circumstances. She stated that she is massively overworked and, to use the vernacular, appears to have bitten off far more than she can chew. Because of this condition, Ms. Barton delegated all of the work in this case to a paralegal and to an attorney not admitted to practice before this court, an individual who appears to be engaged in the unauthorized practice of law and who may have to work out some issues with the Attorney

Grievance Commission of Maryland.  Ms. Barton had no personal contact with her clients, showed up late for scheduled hearings, and provided little personal contact with the Briscoes.  As  as a result, Ms. Barton did not deal with Mr. Briscoe's stated principal aim in the bankruptcy process, that is, above all, he wished to save his home.

While the record shows that debt secured by the house far exceeded its value, Mr. Briscoe was entitled to have his lawyer's help in attempting to work out a solution.  It was not proper for Ms. Barton's staff to make that decision for him.[1]  At a minimum, she should have tried to open discussions for him with the secured creditor and file a response to the Motion for Relief from Stay filed by it.  Further evidence of the lack of assistance by counsel is the fact that when Ms. Barton did not appear for a rescheduled Meeting of Creditors under 11 U.S.C. § 341, the Debtors elected to go forward without her assistance and successfully completed their examination by the Trustee that ultimately resulted in Debtors' discharge.

The court received evidence of the payments of $5,299.00 made by the Debtors to counsel, as well as the Bankruptcy Retainer Agreement used by Ms. Barton.  This Agreement is wholly unsatisfactory for a number of reasons, not all of which may be covered in this Opinion.  As a start, Ms. Barton ignored Appendix F of the Local Bankruptcy Rules and the mandatory provisions therein as to the responsibilities of Chapter 13 debtor's counsel.  The fee agreement seeks to palm off legal responsibility on the Debtors to a degree that is unacceptable to this court.  The agreement seeks to charge extra fees for negotiation of reaffirmation agreements.  An attorney cannot eliminate negotiation of reaffirmation agreements from the "package" given a consumer debtor.  Left unrepresented, the debtor can lose all the benefits of bankruptcy.  *See generally, In re Barron*, 441 B.R. 131 (BC Ariz. 2010).  Similarly, an attorney cannot charge extra for matters that are readily apparent from the beginning that must be done in connection with the case, such as motions to impose the automatic stay or to avoid liens.  On the other hand, appeals or adversary proceedings can be charged for separately.

Finally, Ms. Barton concedes her failure to comply with the requirements of Fed. Rule of Bankruptcy Proc. 2016(b) in failing to report the receipt of a payment of $1,025.00 "for conversion of the case."  The court suggests that Ms. Barton review her fee agreement with the Office of the United States Trustee and with her peers at the Bar as well as conduct a review of

---

[1] Apparently the Briscoes were in the process of separating, and Mrs. Briscoe had no interest in retaining the property.

her office practices and the flow of work.

In conclusion, counsel has volunteered to return the entire fee to her clients, or such amount as the court deems appropriate. Inasmuch as Debtors have received a Chapter 7 discharge, and in the circumstances presented, the court will allow compensation of $975.00 for that, together with reimbursement of counsel for the $299.00 in Clerk's fees paid, so that counsel must refund $4,025.00 to the Debtors within thirty (30) days of this decision.

An appropriate order will be entered.

cc:
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Sheron Barton, Esq., 5897 Allentown Road, Camp Springs, MD 20746
Dwayne/Deborah Briscoe, 1706 Portland Avenue, Fort Washington, MD 20744
Gary A. Rosen, Trustee, One Church Street, Suite 802, Rockville, MD 20850

**End of Memorandum**